UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                 CAUSE NO.   3:20cr21 DRL
                                                  3:23cv517 DRL

ARIELLE GRIFFIS,

          Defendant.

OPINION AND ORDER

        Arielle Griffis filed a *pro se* petition to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. It is too late. A one-year statute of limitations applies under 28 U.S.C. § 2255(f). The court entered judgment on February 2, 2021. The judgment became final on February 16, 2021 when she chose not to appeal. *Davis v. United States*, 817 F.3d 319, 325 (7th Cir. 2016). She mailed this petition on May 23, 2023, and the court received it on May 30, 2023—well over a year past her February 16, 2022 deadline. There is no basis on this record to excuse a petition so late.

        Nor would the petition get her anywhere. For one, and without exception here, she waived her right to appeal and her right to contest her conviction and sentence (except for ineffective assistance of counsel). *See Oliver v. United States*, 951 F.3d 841, 844 (7th Cir. 2020). For another, she has not shown an "extraordinary" circumstance that warrants review, *see Hays v. United States*, 397 F.3d 564, 566 (7th Cir. 2005), including any "error of law that is jurisdictional, constitutional, or constitutes a fundamental defect [that] inherently results in a complete miscarriage of justice," *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004); *see also* 28 U.S.C. § 2255(a).

        Ms. Griffis complains about the application of her First Step Act credits, but that is not the proper subject of a § 2255 petition. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). She complains about the conditions of her confinement, but such issues are not appropriate for *habeas*

*corpus* relief under § 2255. *See Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). She complains about being "over sentenced," but she wasn't—nor does she ground this claim in any constitutional, statutory, or jurisdictional deficiency. *See Harris*, 366 F.3d at 594.

The court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* R. Gov. 2255 Cases 11. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing exists only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). That isn't the case here, and not least when there is a plain procedural bar by way of the statute of limitations. *See id.* The court declines to certify an appeal.

Ms. Griffis also filed her third motion for compassionate release. The court generally "may not modify a term of imprisonment once it has been imposed," but may do so when "extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Release must satisfy the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). The defendant bears the burden of showing that release is appropriate. *See United States v. Newton*, 996 F.3d 485, 488-89 (7th Cir. 2021).

In her latest motion, Ms. Griffis complains about her living conditions at FCI Waseca, a lack of programming, and prison overpopulation generally; but, however sympathetic the court may be to incarcerative conditions, her facility-wide concerns about confinement conditions are not extraordinary or compelling circumstances for compassionate release. *See United States v. Ryan*, 2024 U.S. App. LEXIS 5104, 5-6 (7th Cir. Mar. 1, 2024); *United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021); *see also United States v. Nichols*, 2022 U.S. Dist. LEXIS 127500, 1-2 (E.D. Wis. July 19, 2022)

(citing cases). Nor is compassionate release the proper vehicle to redress First Step Act credits accounted by the Bureau of Prisons. *See Valona*, 138 F.3d at 694.

Ms. Griffis also mentions her medical condition. An ingrown toenail, though uncomfortable, is often treated and resolved in a matter of weeks. That isn't extraordinary or compelling. And nothing demonstrates that her diabetes has not been adequately addressed through medical care. The court addressed her insulin-dependent diabetes at sentencing, noting then too that it was not so extraordinary to require a different sentence. Nothing on this record has changed. Many inmates have diabetes—and that alone is not extraordinary, much less compelling.

## CONCLUSION

The court thus DENIES the *habeas corpus* petition [35], DENIES a certificate of appealability, and DENIES the motion for compassionate release [34]. This order terminates the civil case [Cause No. 3:23cv517].

SO ORDERED.

September 13, 2024                    *s/ Damon R. Leichty*
                                     Judge, United States District Court